*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* M. L. Wilson, Minor.

UNPUBLISHED
March 23, 2023

No. 362115
Otsego Circuit Court
Family Division
LC No. 20-000034-NA

Before: M. J. KELLY, P.J., and JANSEN and CAMERON, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to her minor child, MW, under MCL 712A.19b(3)(c)(*i*) (conditions that led to adjudication continue to exist) and MCL 712A.19b(3)(j) (reasonable likelihood of harm if returned to parent).[1] We affirm.

## I. BACKGROUND FACTS AND PROCEDURAL HISTORY

This case arises in the context of a Child Protective Services (CPS) case involving respondent and MW. In 2019, respondent left MW in the care of his grandparents (respondent's mother and stepfather). MW is a medically fragile child who requires close monitoring while eating. Respondent's mother later signed a limited guardianship over MW. At the time, respondent agreed to complete parenting classes, have monthly visits with MW, obtain housing and employment, and complete drug screening. Respondent was largely noncompliant, and as a result the Department of Health and Human Services (DHHS) filed a petition with the trial court to take jurisdiction over MW. The guardianship was dissolved and MW was formally placed with his grandparents.

The trial court conducted a hearing on jurisdiction. Respondent told the trial court she would plead to jurisdiction. The trial court informed respondent of most of her rights, but failed to tell her the consequences of her plea—specifically, that the plea could be used as evidence in a proceeding to terminate her parental rights. Even so, the trial court took jurisdiction over MW. DHHS developed a case service plan requiring respondent to submit to random drug screens,

---

[1] The father's rights were terminated at the same hearing, but he is not a party to this appeal.

complete psychological testing, participate in parenting time, gain employment and housing, and attend MW's medical appointments.

Respondent was only partially compliant with the case service plan. There remained concerns of respondent's drug use and there was testimony that respondent had offered her teenage daughter THC gummies. Respondent rarely visited MW. As a result, the trial court authorized DHHS to seek termination of her parental rights. DHHS filed a petition to terminate respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (*ii*), and (j). Noting the lack of bond between respondent and MW and substance use in respondent's home, the trial court found statutory grounds to terminate her parental rights under subsections (c)(*i*) and (j). It also found termination was in MW's best interests given the bond between MW and his grandparents and respondent's failure to develop a bond with him. This appeal followed.

## II. ADJUDICATION

Respondent first argues that the trial court erred by failing to properly advise her under MCR 3.971(B)(4) before accepting her plea to jurisdiction. Although we agree that the trial court erred by failing to advise respondent that her plea could be used against her at her termination hearing, we disagree that this necessitates reversal and a vacation of her plea.

## A. PRESERVATION AND STANDARD OF REVIEW

Respondent argues for the first time in this appeal that the trial court erred in taking jurisdiction over MW. "[A]djudication errors raised after the trial court has terminated parental rights are reviewed for plain error." *In re Ferranti*, 504 Mich 1, 29; 934 NW2d 610 (2019). To show plain error, the parent "must establish that (1) error occurred; (2) the error was 'plain,' i.e., clear or obvious; and (3) the plain error affected their substantial rights. *Id*. However, this alone is insufficient; the parent must also show that such error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings[] . . . ." *Id*. (quotation marks and citation omitted; alterations in original).

## B. LAW AND ANALYSIS

At the beginning of a child protective proceeding,

[a]fter receiving the petition, the trial court must hold a preliminary hearing and may authorize the filing of the petition upon a finding of probable cause that one or more of the allegations are true and could support the trial court's exercise of jurisdiction under MCL 712A.2(b).

If the court authorizes the petition, the adjudication phase follows. The question at adjudication is whether the trial court can exercise jurisdiction over the child (and the respondents-parents) under MCL 712A.2(b) so that it can enter dispositional orders, including an order terminating parental rights. The court can exercise jurisdiction if a respondent-parent enters a plea of admission or no contest to allegations in the petition or if the Department proves the allegations at a trial. [*Ferranti*, 504 Mich at 15 (citations omitted).]

Our Supreme Court has stressed that the adjudication stage is important because "adjudication divests the parent of her constitutional right to parent her child and gives the state that authority instead." *Id*. at 15-16. MCR 3.971(B) governs the trial court's taking of a plea of admission. Relevant to this appeal, MCR 3.971(B)(4) requires that the trial court advise a parent "of the consequences of the plea, including that the plea can later be used as evidence in a proceeding to terminate parental rights if the respondent is a parent." The court shall not accept a plea of admission or of no contest without satisfying itself that the plea is knowingly, understandingly, and voluntarily made." MCR 3.971(D)(1). See also *Ferranti*, 504 Mich at 15.

It is undisputed the trial court in this case failed to advise respondent of the consequences of her plea and that this failure was a plain error. However, this does not "automatically" entitle respondent to her requested relief. In addition to showing error, the respondent must also demonstrate the error "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings[] . . . ." *Ferranti*, 504 Mich at 29 (quotation marks and citation omitted; alterations in original). Respondent's brief on appeal is unhelpful and, other than a conclusory statement that her "substantial rights" were affected, she offers no argument as to this point. "Insufficiently briefed issues are deemed abandoned on appeal." *In re Rippy*, 330 Mich App 350, 362 n 5; 948 NW2d 131 (2019) (quotation marks and citation omitted). As such, we cannot conclude the trial court's failure to advise respondent of her rights under MCR 3.971(B)(4) requires our reversal.

## III. STATUTORY GROUNDS AND BEST INTERESTS

Respondent next argues the trial court erred in finding statutory grounds for termination and that termination was in MW's best interests. We disagree.

## A. STANDARD OF REVIEW

We review for clear error the trial court's decision that there were statutory grounds for termination and whether termination was in a child's best interests. *In re Olive/Metts Minors*, 297 Mich App 35, 40-41; 823 NW2d 144 (2012). Clear error occurs when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Id*. at 41 (quotation marks and citation omitted). The trial court's decision must be more than maybe or probably wrong. *In re Sours Minors*, 459 Mich 624, 633; 593 NW2d 520 (1999). We must not "substitut[e] [our] judgment for that of the trial court," *In re Hall*, 483 Mich 1031, 1031; 765 NW2d 613 (2009), and we should consider the trial court's special opportunity to evaluate the credibility of witnesses, MCR 2.613(C); *In re Miller*, 433 Mich 331, 337; 445 NW2d 161 (1989).

## B. LAW AND ANALYSIS

Again, "[i]nsufficiently briefed issues are deemed abandoned on appeal." *Rippy*, 330 Mich App at 362 n 5 (quotation marks and citation omitted). Respondent offers no substantive argument that the trial court erred in terminating her parental rights. As to whether there were statutory grounds for termination, she does not even cite the specific subsections under which the trial court terminated her parental rights. Regarding best interests, she minimally argues "[t]he issue is not whether there is a bond with the child and the foster family." Not only is this statement legally

incorrect,[2] respondent fails to offer any explanation why the trial court's conclusion as to this issue was factually incorrect. Respondent's arguments simply offer no reason for our reversal.

Affirmed.

/s/ Michael J. Kelly
/s/ Kathleen Jansen
/s/ Thomas C. Cameron

---

[2] The best-interests factors include:

[T]he child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and *the advantages of a foster home over the parent's home*. The trial court may also consider a parent's history of domestic violence, the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption. [*In re White*, 303 Mich App 701, 713-714; 846 NW2d 61 (2014) (quotation marks and citations omitted; emphasis added).]

-4-